## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)    SONIC INDUSTRIES LLC, <br> a Delaware limited liability company, <br> (2)    SONIC FRANCHISING LLC, <br> a Delaware limited liability company, <br> (3)    AMERICA'S DRIVE-IN BRAND <br> PROPERTIES LLC, a Kansas limited <br> liability company, and <br> (4)    SONIC INDUSTRIES SERVICES, INC., <br> an Oklahoma corporation, <br><br>         Plaintiffs, <br><br> v. <br><br> (1)   OLYMPIC CASCADE DRIVE INS, LLC, <br> (2)   RICHARD RAMSEY, <br> (3)   STEPHEN S. SNYDER, <br> (4)   PACNW GAGE DRIVE-INS, LLC, <br> (5)   PACNORTHWEST DRIVE-INS, LLC, <br> (6)   PACNW PSC DRIVE-INS, LLC, <br> (7)   PACNW WEN DRIVE-IN, LLC, <br> (8)   PACNW FERNDALE DRIVE-IN, LLC, <br> (9)   PACNW 1ST DRIVE-IN, LLC, <br> (10) PATRICIA GREGG, <br> (11) ANTHONY J.W. GEWALD, and <br> (12) ANDREW WHYTE, <br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br> CASE NO. CIV-22-449-PRW |

## VERIFIED[1] COMPLAINT

Plaintiffs, Sonic Industries LLC ("Sonic Industries"), Sonic Franchising LLC

("Sonic Franchising"), Sonic Industries Services, Inc. ("SISI"), and America's Drive-In

---

[1] The Verification of E. Edward Saroch, Sonic's Chief Operating Officer, is attached hereto as Exhibit 1 and incorporated herein by reference.

Brand Properties LLC ("Brand Properties") (collectively "Plaintiffs" or "Sonic"), for their Complaint against the defendants named herein, allege and state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Sonic Industries is a Delaware limited liability company operating out of Oklahoma County, Oklahoma.  The sole member of Sonic Industries is Sonic Capital LLC, a Delaware limited liability company operating out of Oklahoma County, Oklahoma. The sole member of Sonic Capital LLC is Sonic Industries Services Inc., an Oklahoma corporation with its principal place of business in Oklahoma County, Oklahoma, and a citizen of the State of Oklahoma.

2.      Plaintiff Sonic Franchising is a Delaware limited liability company operating out of Oklahoma County, Oklahoma. Sonic Franchising is a manager-managed limited liability company with its only member being Sonic Capital LLC, a Delaware limited liability company operating out of Oklahoma County, Oklahoma. The sole member of Sonic Capital LLC is Sonic Industries Services, Inc., an Oklahoma corporation with its principal place of business in Oklahoma County, Oklahoma, and a citizen of the State of Oklahoma.

3.      Plaintiff Brand Properties is a Kansas manager-managed limited liability company with its only member being Sonic Industries.

4.      Plaintiff Sonic Industries Services, Inc. ("SISI") is an Oklahoma corporation with its principal place of business in Oklahoma County, Oklahoma.

5.      Upon information and belief, Defendant Olympic Cascade Drive Ins, LLC ("Olympic Cascade") is a Washington limited liability company headquartered and

residing in the State of Washington.  Upon information and belief, all of Olympic Cascade's members are also citizens of the state of Washington.

6.     Upon information and belief, Defendant Richard Ramsey is the principal owner of Olympic Cascade and resides in the State of Washington.

7.     Upon information and belief, Defendant Stephen S. Snyder resides in the State of Washington.

8.     Upon information and belief, Defendant PacNW Gage Drive-Ins, LLC is a Washington limited liability company headquartered and residing in the State of Washington.  Upon information and belief, all of its members are also citizens of the State of Washington.

9.     Upon information and belief, Defendant PacNorthwest Drive-Ins, LLC is a Washington limited liability company headquartered and residing in the State of Washington.  Upon information and belief, all of its members are also citizens of the State of Washington.

10.     Upon information and belief, Defendant PacNW PSC Drive-Ins, LLC is a Washington limited liability company headquartered and residing in the State of Washington.  Upon information and belief, all of its members are also citizens of the State of Washington.

11.     Upon information and belief, Defendant PacNW Wen Drive-In, LLC is a Washington limited liability company headquartered and residing in the State of Washington.  Upon information and belief, all of its members are also citizens of the State of Washington.

3

12.    Upon information and belief, Defendant PacNW Ferndale Drive-In, LLC is a Washington limited liability company headquartered and residing in the State of Washington.  Upon information and belief, all of its members are also citizens of the State of Washington.

13.    Upon information and belief, Defendant PacNW 1st Drive-In, LLC is a Washington limited liability company headquartered and residing in the State of Washington. Upon information and belief, all of its members are also citizens of the State of Washington.

14.    Upon information and belief, Defendant Patricia Gregg resides in the State of Washington.

15.    Upon information and belief, Defendant Anthony J.W. Gewald resides in the State of Washington.

16.    Upon information and belief, Defendant Andrew Whyte resides in the State of Washington.

17.    Sonic Industries is franchisor of the Sonic drive-in restaurant chain for Sonic restaurants licensed and development agreements signed before May 20, 2011.

18.    Sonic Franchising is franchisor of the Sonic drive-in restaurant chain for Sonic restaurants licensed and development agreements signed on or after May 20, 2011.

19.    Brand Properties is an intellectual property holding company that owns all of the Sonic-related, registered and unregistered trademarks, trade names, trade dresses, copyrights and patents (the "SONIC Marks") used by Sonic and its franchisees in operating Sonic drive-in restaurants. Brand Properties exclusively licenses the SONIC Marks to

4

Sonic to use as franchisor with Sonic franchisees in providing national restaurant services and food and beverage products to the public under the SONIC Marks. Sonic licenses Sonic franchisees to use the SONIC Marks at their independently owned and operated Sonic restaurant locations. Sonic drive-in restaurants have been in existence since as early as 1959.

20.    Sonic Industries, as licensor, and the following defendants, are parties to the license agreements and related addenda, transfer agreements and guaranty agreements ("License Agreements") as licensees and guarantors of all obligations of the licensees under the License Agreements, including but not limited to full and timely payment and performance of all financial obligations and non-financial duties:

| DATE OF LICENSE AGREEMENT | LOCATION | RESTAURANT CODE | LICENSEES | GUARANTORS | EXHIBIT No. |
|---|---|---|---|---|---|
| December 6, 2007 | 8600 West Gage Blvd., Kennewick WA 99326 | 5854 | Olympic Cascade Drive Ins, LLC; PACNW Gage Drive-Ins, LLC, | Richard Ramsey; PacNorthwest Drive-Ins, LLC; and Stephen S. Snyder | 3 |
| February 19, 2008 | 220 Lancaster Drive, SE Salem, OR 97301 | 5878 | Olympic Cascade Drive Ins, LLC | | 4 |
| March 18, 2008 | 7274 Burden Blvd. Pasco, WA 99301 | 5924 | PacNW PSC Drive-In, LLC and Olympic Cascade Drive Ins, LLC; PACNW PSC Drive-Ins, LLC, | Richard Ramsey; Stephen S. Snyder; and PacNorthwest Drive-Ins, LLC | 5 |
| May 5, 2008 | 1742 North Wenatchee Ave., Wenatchee, WA 98801 | 5932 | Olympic Cascade Drive Ins, LLC; and PacNW Wen Drive-In, LLC | Richard Ramsey and Stephen S. Snyder | 6 |
| September 30, 2008 | 1851 Main Street Ferndale, WA 98248 | 5990 | Olympic Cascade Drive Ins, LLC and PACNW Ferndale Drive-In, LLC | Richard Ramsey and Stephen S. Snyder | 7 |
| September 30, 2008 | 1327 South 1st Street Yakima, WA 98901 | 5989 | Olympic Cascade Drive Ins, LLC and PacNW 1st Drive-In, LLC | Richard Ramsey and Stephen S. Snyder | 8 |

| March 17, 2009 | 3775 River Road North Keizer, OR 97303 | 6119 | Olympic Cascade Drive Ins, LLC | | 9 |
|---|---|---|---|---|---|
| June 8, 2015 | 21895 Viking Way Poulsbo, WA 98370 | 6456 | Olympic Cascade Drive Ins, LLC | Richard Ramsey; Patricia Gregg; Anthony J.W. Gewald; and Andrew Whyte | 10 |
| May 3, 2018 | 749 Ranier Avenue South Renton, WA 98057 | 6652 | Olympic Cascade Drive Ins, LLC | Richard Ramsey; Patricia Gregg, Anthony J.W. Gewald; and Andrew White | 11 |
| June 30, 2019 | 1802 South Canyon Road Ellensburg, WA 98926 | 6699 | Olympic Cascade Drive Ins, LLC | | 12 |

21.     The License Agreements, addenda to the License Agreements, and transfer and guaranty agreements to the License Agreements, corresponding to each of the restaurants identified in paragraph 20 (collectively, the "Restaurants"), are attached, respectively, as Exhibits 3-12.

22.     Olympic Cascade, while not the original contractual licensee for Restaurant numbers 5878 (Salem, Oregon) and 6119 (Keizer, Oregon), acquired those two restaurants and the License Agreements for those restaurants and thereafter held itself out as the licensee and assumed all obligations under those agreements

23.     The License Agreements authorized the designated defendant licensees (referenced collectively as the "Licensees" and individually as "Licensee") to own and operate Sonic drive-in restaurants at the specified locations.  The guaranty agreements also referenced in Paragraph 20 are established in Guaranty and Restriction Agreements or Addenda to the License Agreements and shall be referenced collectively as the "Guaranty Agreements."  Pursuant to the Guaranty Agreements, the designated defendant guarantors (referenced collectively as the "Guarantors") agreed to fully perform all obligations of the designated defendant Licensees under the License Agreements.

24.     Pursuant to the express terms of all but two of the License Agreements, venue is required in this District, and all of the License Agreements specify that they will be interpreted in accordance with and governed by the laws of the State of Oklahoma. Additionally, this Court has venue over all claims pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims herein occurred in the Western District of Oklahoma; the License Agreements, the Guaranty Agreements, and the Secured Promissory Note were prepared, negotiated, and signed, whether in whole or in part, in Oklahoma County, Oklahoma; defendants' conduct of business was directed to Plaintiffs in Oklahoma County, Oklahoma; and defendants caused injury to Plaintiffs in Oklahoma County, Oklahoma.

25.     This Court has personal jurisdiction over the defendants in this action because the conduct which forms the basis of this Complaint occurred in the State of Oklahoma; arose out of contractual relationships between parties that were originated, negotiated, at least in part, in Oklahoma; and involves communications between the parties that were directed to a person or entity in Oklahoma.

26.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338 and 1367.  This action involves claims arising under the laws of the United States, including an Act of Congress relating to trademarks.

27.     This Court has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, as alleged herein, and the amount in controversy, excluding interest and costs, between Plaintiffs and each of the defendants exceeds $75,000.00.

## COMMON FACTUAL ALLEGATIONS RELATED TO THE SONIC MARKS

28.    Plaintiffs or their predecessors adopted and continuously used the SONIC Marks in interstate commerce dating back to the first use of certain of the SONIC Marks in interstate commerce on March 1, 1961.  Since that time, Plaintiffs and their predecessors have used the SONIC Marks in providing restaurant services and food and beverage products in interstate commerce and have developed substantial goodwill associated therewith.  By virtue of Plaintiffs' lengthy and substantial promotion and marketing of Sonic drive-in restaurant services and food and beverage products under the SONIC Marks, the SONIC Marks have become famous assets of substantial value.  Based on Plaintiffs' direct and indirect expenditure of considerable sums on promotional activities, marketing and advertising and, by virtue of the high quality of their goods and services, Plaintiffs have acquired a valuable reputation in the SONIC Marks.

29.    The SONIC Marks are registered on the Principal Register of the United States Patent and Trademark Office.  The registrations of the SONIC Marks continue in full force and effect.

30.    In accordance with LCvR 3.6, Plaintiffs state they are authorized to use and to license the trademark and service mark registrations issued by the United States Patent and Trademark Office as set forth in Exhibit 2 hereto, which is expressly adopted and incorporated herein by reference.  These trademarks and service marks, which have not been canceled, are now valid and have been valid at all times relevant to this Complaint and remain in full force and effect.

31.    Sonic is authorized to use and license the SONIC Marks for use in connection with the Sonic franchise system.

32.    Pursuant to License Agreements entered into by and between Sonic and Sonic's franchisees, Sonic has granted licenses to qualified persons to own and operate Sonic drive-in restaurants, together with a limited license to use the SONIC Marks in connection therewith, but only in such manner and at such locations as are expressly authorized by Sonic in the respective License Agreements.

## COMMON FACTUAL ALLEGATIONS RELATED TO THE LICENSE AGREEMENTS

33.    Sonic and its franchisees have extensively advertised and promoted the restaurant services and the food and beverage products they offer under the SONIC Marks throughout the United States and through various media. As a result of such efforts and the considerable money spent in connection therewith, the food and beverage products offered by Sonic and Sonic's franchisees under the SONIC Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

34.    Under the express terms and provisions of Section 5 the License Agreements, the designated Licensees agreed to fully and timely pay to Sonic Industries and Sonic Franchising, respectively, royalty fees and Sonic Brand Fund advertising fees that are calculated as prescribed percentages of their Sonic restaurants' monthly gross sales as defined in the License Agreements ("Gross Sales") and further agreed to pay interest on any late payments at the rate of 1.75% per month.  In addition, under an amendment dated

on or about March 1, 2016 to each of the License Agreements executed prior to 2017, and thereafter pursuant to Section 5.07 of each of the License Agreements executed after 2017, the Licensees agreed to timely pay Sonic Brand Technology Fund fees, in an amount based on a percentage of gross sales each month.

35.     Under Section 11 of the License Agreements and any advertising addenda thereto, the designated Licensees agreed to fully and timely pay advertising cooperative contributions (which are calculated as prescribed percentages of their Sonic restaurants' monthly Gross Sales) to their Sonic restaurants' Sonic-approved advertising cooperatives by directing those payments through Sonic Industries and Sonic Franchising for redistribution to the System Marketing Fund to purchase national media advertising, except to the extent any prescribed percentages are permissibly retained by, or required to be redistributed to, the advertising cooperatives.

## COMMON FACTUAL ALLEGATIONS RELATED TO TERMINATION OF LICENSE AGREEMENTS

36.     On or around September 2, 2021, Sonic issued and delivered to defendants Richard Ramsey and Olympic Cascade a written Notice of Default and Potential Termination of License Agreement for Sonic Restaurants located in Kennewick, Pasco, Wenatchee, Yakima, Ferndale, Poulsbo, Renton and Ellensburg, Washington (collectively the "Washington Restaurants") based on their failure to pay royalties, brand fund contributions and technology fees required under the License Agreements for those restaurants.  That notice also provided a statement of account showing that the defendants

as licensees of the Washington Restaurants then owed Sonic a total of $1,787,877.91, and a demand that payment of that amount be made within thirty (30) days of that notice.

37.     On or around November 29, 2021, in accordance with the terms and provisions of the License Agreements, Sonic issued and delivered to defendants Richard Ramsey and Olympic Cascade a written Notice of Termination of License Agreement for the Sonic Washington Restaurants based on their failure to cure the monetary defaults for those restaurants and a notice that defendants also were in default of their License Agreements for Sonic restaurants located in Salem, Oregon and Keizer, Oregon (collectively, the "Oregon Restaurants") for failure to pay royalties, brand fund contributions and technology fees required under the License Agreements for those restaurants.  That notice also provided a statement of account showing that the defendants as licensees of the Oregon Restaurants then owed Sonic a total of $426,503.83, along with a demand that it be paid within thirty (30) days.

38.     On or around December 30, 2021, Sonic issued and delivered to defendants Richard Ramsey and Olympic Cascade a Notice of Termination of License Agreements for the Oregon Restaurants based on their failure to cure the monetary defaults for those restaurants.

39.     Notwithstanding Sonic's rights to immediately terminate the License Agreements for the Washington and Oregon Restaurants following defendants' failures to cure the monetary defaults, Sonic offered defendants the opportunity to continue operating the Restaurants pursuant to the License Agreements for 90 days (until February 27, 2022) in order to try to sell the Restaurants, provided defendants agreed in writing to a number

of conditions, including submitting an asset purchase agreement from a qualified buyer for all the Restaurants, paying current fees, and paying all monies owed to Sonic at the time of the sale closing or the end of 90 days.  Although defendants never agreed in writing to those conditions or complied with them, Sonic nevertheless permitted defendants to continue operating the Restaurants for the entire 90-day period. On March 1, 2022, defendants submitted to Sonic a letter of intent for the sale of the Restaurants to an existing Sonic franchisee but thereafter never provided Sonic with a binding contract for sale, notice of a potential closing date, or any further assurance acceptable to Sonic that a sale of the Restaurants was forthcoming.

40.     When no progress had been made on a sale of the Restaurants, on April 4, 2022, Sonic issued and delivered to defendants Richard Ramsey and Olympic Cascade a Notice of Termination of License Agreements for the Washington and Oregon Restaurants but gave defendants one more opportunity to effectuate a sale of the Restaurants by giving them until May 4, 2022 to close on a sale.

41.     Because defendants made no further progress on a sale of the Restaurants, Sonic on May 11, 2022, issued a Notice of Immediate Termination of License Agreements for all of the Restaurants and demanded that defendants cease all operations of the Restaurants, de-identify the Restaurants, and make an immediate payment to Sonic of $2,757,355.23, representing all amounts due to Sonic under the License Agreements, which were detailed in a statement of account attached to the notice.

42.     Defendants have failed to cure any of the monetary defaults set forth in the various notices of default and termination described above.

43.    As of the date of this filing, defendants – despite being obligated to make royalty and other payments monthly under the License Agreements – have not made a single payment for past due royalties and other fees or current royalties and other fees to Sonic since October of 2021.

44.    Under the express terms and provisions of the License Agreements, upon receipt of the Termination Notices the defendants were required to, among other things, immediately cease operating the Restaurants and immediately cease using any and all use of the SONIC Marks at the Restaurants, and within thirty days after receipt of the Termination Notices complete the process of de-identifying the Restaurants (collectively the "Post-Termination Obligations").

45.    The Notice of Immediate Termination of License Agreements issued on May 11, 2022, demanded that the defendants comply with their Post-Termination Obligations, including by immediately ceasing to operate the Restaurants, by immediately ceasing to use any and all of the SONIC Marks at the Restaurants, and thereafter by completing the de-identification of the Restaurants.

46.    Defendants have breached the License Agreements by failing and refusing to comply with the Termination Notices' demand to cease operating the Sonic restaurants, cease using the SONIC Marks, and comply with their other Post-Termination Obligations. The defendants' breaches in this regard have resulted and are resulting in irreparable injury to Plaintiffs for which no adequate remedy at law is available.

47.    Under the express terms and provisions of the License Agreements, the defendants also are prohibited for a specified period of time and within a specified

13

geographic area from engaging in a competing business with Sonic and appropriating any portion of the Sonic System (the "Post-Termination Restrictions"). Under the express terms and provisions of the License Agreements, the defendants expressly acknowledged that their violation of the Post-Termination Restrictions would result in irreparable injury to Sonic for which no adequate remedy at law is available and consented to the issuance of preliminary and permanent injunctive relief to prohibit any conduct in violation of the Post-Termination Restrictions.

48.    On or about May 23, 2022, Defendant Olympic Cascade initiated an arbitration proceeding against Sonic with the American Arbitration Association, Case No. 01-22-0002-1887 (the "Arbitration"), asserting claims for wrongful termination of the License Agreements based on a dispute over the amounts claimed to be owed to Sonic as set forth in the default and termination notices. The arbitration demand seeks, among other things, emergency injunctive relief to enjoin Sonic from enforcing the termination of the License Agreements. Each of the License Agreements contains an arbitration provision with express carve-outs for disputes relating to any fees or promissory note payments due to Sonic or its affiliates, as well as any disputes relating to the use and protection of the SONIC Marks or the Sonic System, including claims for injunctive relief for infringement of the SONIC Marks or the Sonic System.

## COMMON FACTUAL ALLEGATIONS RELATED TO PROMISSORY NOTE

49.    On or about July 28, 2020, defendants Olympic Cascade and Richard Ramsey executed a Secured Promissory Note ("Promissory Note") promising to pay

$659,936.00 to SISI representing past due amounts owed under the License Agreements for royalties and other fees.  A copy of that Promissory Note is attached as Exhibit 13.

50.    The maturity date of the Promissory Note was identified as the earlier to occur of April 30, 2021, or acceleration of the note upon the occurrence of an event of default and the passage of any applicable notice and cure period.

51.    Defendants Olympic Cascade and Richard Ramsey (the "Makers" under the Promissory Note") have defaulted on and are in breach of the Promissory Note.  As of the date of this filing, Olympic Cascade and Richard Ramsey owe at least $259,946.00 under the Promissory Note.

52.    Pursuant to the express terms of the Promissory Note, Sonic Industries has the right to assess a late charge in the amount of 5% of the unpaid amount of the scheduled payment or any lesser amount as required by applicable law.  Olympic Cascade and Richard Ramsey also owe Sonic Industries for costs, expenses, and attorneys' fees already incurred and incurred in the future that relate to enforcing Sonic Industries' rights, remedies, and collection efforts under the Promissory Note

53.    Pursuant to the express terms and provisions of the Promissory Note, the Makers agreed that all actions with respect to the Promissory Note may be instituted in the courts of the State of Oklahoma or the United States District Court sitting in Oklahoma City, Oklahoma.

## FIRST CAUSE OF ACTION

### Breach of Contract under the License Agreements

54.     Plaintiffs adopt, incorporate, and re-allege the allegations contained in Paragraphs 1 through 53 herein.

55.     Pursuant to the express terms and provisions of the License Agreements, defendants Olympic Cascade Drive Ins, LLC; PACNW Gage Drive-Ins, LLC; PacNW PSC Drive-In, LLC; PacNW Wen Drive-In, LLC; and PacNW 1st Drive-In, LLC are each in default of their respective License Agreements by not paying to Sonic the following amounts due and owing under each such License Agreement:

| DATE OF LICENSE AGREEMENT | LOCATION | STORE CODE | LICENSEES | UNPAID AMOUNTS DUE AND OWING |
|---|---|---|---|---|
| December 6, 2007 | 8600 West Gage Blvd., Kennewick, WA 99326 | 5854 | Olympic Cascade Drive Ins., LLC; PACNW Gage Drive-Ins, LLC, | $312,356.74 |
| February 19, 2008 | 220 Lancaster Drive, SE Salem, OR 97301 | 5878 | Olympic Cascade Drive Ins, LLC | $440,041.40 |
| March 18, 2008 | 7274 Burden Blvd. Pasco, WA 99301 | 5924 | PacNW PSC Drive-In, LLC and Olympic Cascade Drive Ins, LLC | $199,745.25 |
| May 5, 2008 | 1742 North Wenatchee Ave., Wenatchee, WA 98801 | 5932 | Olympic Cascade Drive Ins, LLC; and PacNW Wen Drive-In, LLC | $163,979.16 |
| September 30, 2008 | 1851 Main Street Ferndale, WA 98248 | 5990 | Olympic Cascade Drive Ins, LLC and PACNW Ferndale Drive-In, LLC | $188,529.13 |
| September 30, 2008 | 1327 South 1st Street Yakima, WA 98901 | 5989 | Olympic Cascade Drive Ins, LLC and PacNW 1st Drive-In, LLC | $217,907.10 |
| March 17, 2009 | 3775 River Road North Keizer, OR 97303 | 6119 | Olympic Cascade Drive Ins. LLC | $228,885.84 |
| June 8, 2015 | 21895 Viking Way Poulsbo, WA 98370 | 6456 | Olympic Cascade Drive Ins, LLC | $382,650.62 |
| May 3, 2018 | 749 Ranier Avenue South Renton, WA 98057 | 6652 | Olympic Cascade Drive Ins, LLC | $354,639.29 |
| June 30, 2019 | 1802 South Canyon Road Ellensburg, WA 98926 | 6699 | Olympic Cascade Drive Ins, LLC | $103,939.63 |

56.     Pursuant to the express terms and provisions of their License Agreements, defendants also owe Sonic for interest that accrued and hereafter accrues on delinquent royalty, advertising, and technology fees, until paid.

57.     Pursuant to the express terms and provisions of the License Agreements, defendants also owe Sonic for costs, expenses, and attorneys' fees already incurred and incurred in the future that relate to enforcing Sonic's rights, remedies, and collection efforts under the subject License Agreements.

## SECOND CAUSE OF ACTION

### Breach of Contract under the Guaranty Agreements

58.     Plaintiffs adopt, incorporate, and re-allege the allegations contained in Paragraphs 1 through 57 herein.

59.     Pursuant to the express terms and provisions of the Guaranty Agreements, Guarantors Richard Ramsey, Stephen S. Snyder, Patricia Gregg, Anthony J.W. Gewald, Andrew Whyte, and PacNorthwest Drive-Ins, LLC are each in default of their respective Guaranty Agreements by not paying to Sonic the following amounts due and owing under such License Agreements:

| DATE OF LICENSE AGREEMENT | LOCATION | STORE CODE | GUARANTORS | UNPAID AMOUNTS DUE AND OWING |
|---|---|---|---|---|
| December 6, 2007 | 8600 West Gage Blvd., Kennewick, WA 99326 | 5854 | Richard Ramsey; PacNorthwest Drive-Ins, LLC; and Stephen S. Snyder | $312,356.74 |
| March 18, 2008 | 7274 Burden Blvd. Pasco, WA 99301 | 5924 | Richard Ramsey; Stephen S. Snyder; and PacNorthwest Drive-Ins, LLC | $199,745.25 |
| May 5, 2008 | 1742 North Wenatchee Ave., Wenatchee, WA 98801 | 5932 | Richard Ramsey and Stephen S. Snyder | $163,979.16 |

| September 30, 2008 | 1851 Main Street Ferndale, WA 98248 | 5990 | Richard Ramsey and Stephen S. Snyder | $188,529.13 |
|---|---|---|---|---|
| September 30, 2008 | 1327 South 1st Street Yakima, WA 98901 | 5989 | Richard Ramsey and Stephen S. Snyder | $217,907.10 |
| June 8, 2015 | 21895 Viking Way Poulsbo, WA 98370 | 6456 | Richard Ramsey; Patricia Gregg; Anthony J.W. Gewald; and Andrew Whyte | $382,650.62 |
| May 3, 2018 | 749 Ranier Avenue South Renton, WA 98057 | 6652 | Richard Ramsey; Patricia Gregg; Anthony J.W. Gewald; and Andrew White | $354,639.29 |

60.     Pursuant to the express terms and provisions of the Guaranty Agreements, Guarantors also owe Sonic for costs, expenses, and attorneys' fees already incurred and incurred in the future that relate to enforcing Sonic Industries' rights, remedies and collection efforts under Guaranty Agreements.

### THIRD CAUSE OF ACTION

#### Breach of the Promissory Note

61.     Plaintiffs adopt, incorporate, and re-allege the allegations contained in Paragraphs 1 through 60 herein.

62.     Defendants Richard Ramsey and Olympic Cascade as the Makers of the Promissory Note are in default under that Promissory Note by their failure to fully and timely make required payments to SISI.

63.     Pursuant to the express terms of the Promissory Note, SISI also has the right to assess a late charge in the amount of 5% of the unpaid amount of the scheduled payment or any lesser amount as required by applicable law.  Also under the Promissory Note, Richard Ramsey and Olympic Cascade owe SISI for costs, expenses, and attorneys' fees

already incurred and incurred in the future that relate to enforcing SISI's rights, remedies. and collection efforts under the Promissory Note.

## FOURTH CAUSE OF ACTION

**Trademark and Trade Dress Infringement (Preliminary and Permanent Injunction)**

64.     Plaintiffs adopt, incorporate and reallege the allegations contained in Paragraphs 1 through 63 herein.

65.     The acts, practices, and conduct of the Licensee defendants (the "Terminated Licensees") constitute an infringing use in interstate commerce of the SONIC Marks, including Sonic's trade dress, and are likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(1).

66.     As a direct and proximate result of the Terminated Licensees' infringement, Plaintiffs have been and are likely to be substantially injured in their business, including their goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

67.     Plaintiffs have no adequate remedy at law because the SONIC Marks, including trade dress, are unique and represent to the public Sonic's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiffs for the Terminated Licensees' misconduct.

68.     Unless enjoined by the Court, the Terminated Licensees will continue to use and infringe the SONIC Marks, including Sonic's trade dress, to Plaintiffs' irreparable injury. This threat of future injury to Plaintiffs' business identity, goodwill and reputation requires preliminary and permanent injunctive relief to prevent the Terminated Licensees'

continued use of the SONIC Marks, including Sonic's trade dress, and to ameliorate and mitigate Plaintiffs' injuries.

## FIFTH CAUSE OF ACTION

### Unfair Competition (Preliminary and Permanent Injunctions)

69.    Plaintiffs adopt, incorporate and reallege the allegations contained in Paragraphs 1 through 68 herein.

70.    The Terminated Licensees' acts, practices and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection or association or the parties or to misrepresent the nature, characteristics, qualities or geographic origin of the Terminated Licensees' goods, services and commercial activities, all in violation of 15 U.S.C. § 1125(a).

71.    As a direct and proximate result of the Terminated Licensees' infringement, Plaintiffs have been and are likely to be substantially injured in their business, including their goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

72.    Plaintiffs have no adequate remedy at law because the SONIC Marks including Sonic's trade dress, are unique and represent to the public Sonic's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiffs for the Terminated Licensees' misconduct.

73.    Unless enjoined by the Court, the Terminated Licensees will continue to use and infringe the SONIC Marks, including Sonic's trade dress to Sonic's irreparable injury.

This threat of future injury to Sonic's business identity, goodwill and reputation requires injunctive relief to prevent the Terminated Licensees' continued unauthorized use of the SONIC Marks, including Sonic's trade dress and to ameliorate and mitigate Plaintiffs' injuries.

## SIXTH CAUSE OF ACTION

### Breach of Post-Termination Requirements

74.     Plaintiffs adopt, incorporate and reallege the allegations contained in Paragraphs 1 through 73 herein.

75.     The Terminated Licensees have breached the Post-Termination Requirements by continuing to use the SONIC Marks, the Sonic System and refusing to cease operation of the Restaurants.

76.     The Terminated Licensees' breaches of the Post-Termination Requirements have and will continue to cause irreparable harm to Plaintiffs, warranting the issuance of preliminary and permanent injunctive relief to prohibit all conduct in violation of the Post-Termination Requirements.

## SEVENTH CAUSE OF ACTION

### Breach of Post-Termination Restrictions

77.     Plaintiffs adopt, incorporate and reallege the allegations contained in Paragraphs 1 through 76 herein.

78.     The Terminated Licensees have breached the Post-Termination Restrictions by engaging in a competing business with Sonic and continuing to use the SONIC Marks

and the Sonic System within the time period and geographic area specified and prohibited by the Post-Termination Restrictions.

79.    The Terminated Licensees' breaches of the Post-Termination Restrictions have and will continue to cause irreparable harm to Plaintiffs, warranting the issuance of preliminary and permanent injunctive relief to prohibit all conduct in violation of the Post-Termination Restrictions.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court grant the following relief:

(A)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against Olympic Cascade Drive Ins, LLC; PACNW Gage Drive-Ins, LLC, as licensees and Richard Ramsey; PacNorthwest Drive-Ins, LLC; and Stephen S. Snyder as guarantors for all amounts due and owing under and related to the License Agreement for Store # 5854;

(B)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment against Olympic Cascade Drive Ins, LLC as licensee for all amounts due and owing under and related to the License Agreement for Store # 5878;

(C)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against PacNW PSC Drive-In, LLC and Olympic Cascade Drive Ins, LLC as licensee, and Richard Ramsey; Stephen S. Snyder; and PacNorthwest Drive-Ins, LLC as guarantors, for all amounts due and owing under and related to the License Agreement for Store # 5924;

22

(D)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against PacNW PSC Drive-In, LLC and Olympic Cascade Drive Ins, LLC as licensee, and Richard Ramsey and Stephen S. Snyder as guarantors, for all amounts due and owing under and related to the License Agreement for Store # 5932;

(E)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against Olympic Cascade Drive Ins, LLC and PACNW Ferndale Drive-In, LLC as licensees, and Richard Ramsey and Stephen S. Snyder as guarantors, for all amounts due and owing under and related to the License Agreement for Store # 5990;

(F)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against Olympic Cascade Drive Ins, LLC and PacNW 1st Drive-In, LLC as licensees, and Richard Ramsey and Stephen S. Snyder as guarantors, for all amounts due and owing under and related to the License Agreement for Store # 5989;

(G)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment against Olympic Cascade Drive Ins, LLC as licensee for all amounts due and owing under and related to the License Agreement for Store # 6119;

(H)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against Olympic Cascade Drive Ins, LLC as licensee, and Richard Ramsey, Patricia Gregg, Anthony J.W. Gewald, and Andrew Whyte as guarantors, for all amounts due and owing under and related to the License Agreement for Store # 6456;

(I)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against Olympic Cascade Drive Ins, LLC as licensee, and Richard Ramsey,

Patricia Gregg, Anthony J.W. Gewald, and Andrew Whyte as guarantors, for all amounts due and owing under and related to the License Agreement for Store # 6652;

(J)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment against Olympic Cascade Drive Ins, LLC as licensee for all amounts due and owing under and related to the License Agreement for Store # 6699;

(K)    Award Plaintiffs Sonic Industries and Sonic Franchising judgment jointly and severally against all defendants in an amount equal to Plaintiffs' collection costs, including reasonable attorneys' fees, incurred in asserting all rights and collecting all amounts due under the License Agreements and Guaranty Agreements.

(L)    Award Plaintiff Sonic Industries Services Inc. judgment jointly and severally against Olympic Cascade Drive Ins, LLC and Richard Ramsey in an amount equal to the entire unpaid balance of the Promissory Note, together with accrued and accruing interest, and any late charges;

(M)    Award Plaintiffs judgment in the form of preliminary and permanent injunctions against all defendants to prohibit their unauthorized use of the SONIC Marks;

(N)    Award Plaintiffs judgment in the form of preliminary and permanent injunctions against all defendants to prohibit their continued breach and violation of the Post-Termination Obligations;

(O)    Award Plaintiffs judgment in the form of preliminary and permanent injunctions against all defendants to prohibit their continued breach and violation of the Post-Termination Restrictions;

24

(P)    Declare that the American Arbitration Association lacks jurisdiction over the claims asserted in this Complaint and in the Arbitration, and that all asserted claims are properly before this Court;

(Q)    Award Plaintiffs judgment jointly and severally against all defendants in an amount equal to Plaintiffs' costs, including reasonable attorney's fees, incurred in enforcing the License Agreements, the Guaranty Agreements, the Promissory Note, the Post-Termination Obligations and Post-Termination Restrictions; and

(R)    Grant Plaintiffs such other and further relief against the defendants as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*s/ Joe M. Hampton*
JOE M. HAMPTON, OBA No. 11851
Tomlinson McKinstry P.C.
Two Leadership Square
211 North Robinson Ave., Suite 450
Oklahoma City, OK 73102
Telephone: (405) 702-4346
Facsimile: (833) 657-0184
joeh@tmoklaw.com

JOHN F. VERHEY, Bar No. 6199571
KENNETH L. SCHMETTERER, Bar No. 6201860
DLA Piper, LLC
444 W. Lake Street, Suite 900
Chicago, IL 60606
Telephone:(312) 368-4044/2176
Facsimile:(312) 236-7516/(312) 630-6350
John.Verhey@us.dlapiper.com
Kenneth.Schmetterer@us.dlapiper.com
Pro hac applications to be submitted

**ATTORNEYS FOR PLAINTIFF**

25