# EXHIBIT 13

**SECURED PROMISSORY NOTE**
Olympic Cascade Drive-Ins LLC et al.
SDI#s 5854, 5924, 5932, 5989, 5990,
6456, 6652, 6699, 5878, and 6119

**Principal: $659,946**                                                     Oklahoma City, Oklahoma
**Purpose: Accounts Receivable for TRAC**                          July 28 , 2020

1.  <u>Principal, Interest, and Payment Schedule</u>.  For value received, **OLYMPIC CASCADE DRIVE-INS LLC**, **PACNW GAGE DRIVE-IN, LLC**, **PACNW PSC DRIVE-IN, LLC**, **PACNW WEN DRIVE-IN, LLC**, **PACNW 1ST DRIVE-IN, LLC**, **PACNW FERNDALE DRIVE-IN, LLC**, **PACNORTHWEST DRIVE-INS LLC**, **RICHARD RAMSEY**, **STEPHEN S. SNYDER**, **PATRICIA GREGG**, **ANTHONY J.W. GEWALD**, **ANDREW WHYTE**, **PAMELA NELSON**, **DAVID RAMSEY**, and **NATHAN RUSSELL** (jointly and severally, "Maker") hereby jointly and severally promise to pay in United States funds to the order of **SONIC INDUSTRIES SERVICES INC.** ("Holder") at 300 Johnny Bench Drive, Oklahoma City, Oklahoma 73104, or at any other place Holder may designate in writing to Maker from time to time, on or before the Maturity Date (as hereinafter defined) the principal sum of **SIX HUNDRED FIFTY-NINE THOUSAND NINE HUNDRED FORTY-SIX AND 00/100 DOLLARS ($659,946)** (this "Note"), which principal represents a portion, but not all of Maker's currently delinquent royalty fees, Sonic Brand Fund fees, System Marketing Fund fees, Brand Technology Fund fees, advertising cooperative contributions, promotional purchases, and finance charges owed to Sonic Industries LLC or Sonic Franchising LLC that have accrued from Maker's ownership or operation of Maker's Sonic restaurants at the following locations (collectively, the "Restaurants"):

| SDI # | Street | City | State | Licensees | Guarantors | Licensors | Type | Date |
|---|---|---|---|---|---|---|---|---|
| 5854 | 8600 West Gage Boulevard | Kennewick | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey and Stephen S. Snyder | SIL | 6A | 12/06/07 |
|  |  |  |  | PacNW Gage Drive-In, LLC | Stephen S. Snyder and PacNorthwest Drive-Ins LLC |  |  |  |
| 5924 | 5924 7210 Burden Boulevard | Pasco | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey and Stephen S. Snyder | SIL | 6A | 03/18/08 |
|  |  |  |  | PacNW PSC Drive-In, LLC | Stephen S. Snyder and PacNorthwest Drive-Ins LLC |  |  |  |
| 5932 | 1742 N. Wenatchee Avenue | Wenatchee | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey and Stephen S. Snyder | SIL | 6A | 05/05/08 |
|  |  |  |  | PacNW Wen Drive-In, LLC | Stephen S. Snyder |  |  |  |
| 5989 | 1327 South 1st Street | Yakima | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey and Stephen S. Snyder | SIL | 6A | 09/30/08 |
|  |  |  |  | PacNW 1st Drive-In, LLC | Stephen S. Snyder |  |  |  |
| 5990 | 1851 Main Street | Ferndale | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey and Stephen S. Snyder | SIL | 6A | 09/30/08 |
|  |  |  |  | PacNW Ferndale Drive-In, LLC | Stephen S. Snyder |  |  |  |
| 6456 | 21895 Viking Avenue NW | Poulsbo | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey, Patricia Gregg, Anthony J.W. Gewald, and Andrew Whyte | SFL | 7.0 | 06/08/15 |
| 6652 | 749 Ranier Avenue South | Renton | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey, Patricia Gregg, Anthony J.W. Gewald, and Andrew Whyte | SFL | 7.1 | 05/03/18 |
| 6699 | 1800 S. Canyon | Ellensburg | WA | Olympic Cascade Drive-Ins LLC | Richard Ramsey, Pamela Nelson, David Ramsey, and Nathan Russell | SFL | 7.1 | 06/20/19 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Road | | | | | | | |
| 5878* | 220 Lancaster Drive SE | Salem | OR | Rodney W. Warren | | SIL | 6A | 02/19/08 |
| 6119* | 3775 River Road North | Keizer | OR | Rodney W. Warren | | SIL | 6A | 03/17/09 |

*\*Although the restaurant is being operated by Olympic Cascade Drive-Ins LLC ("OCDI") under a pending buy/sell agreement that has not resulted in the transfer of the restaurant's Sonic license agreement to OCDI, Maker hereby agrees to pay all unpaid fees that have accrued and occurred under the restaurant's Sonic license agreement during the time that OCDI has operated the restaurant.*

2. <u>Payment Schedule</u>.  This Note shall be due and payable in monthly installment payments of principal and then accrued interest at the annual percentage rate of zero percent (0.0%) according to the following schedule.  Holder shall apply all payments made as of the date received by Holder at Holder's designated address first to pay any and all outstanding late charges or other added charges, if any, then to pay accrued interest, and finally to pay unpaid principal.  The application of any payment shall remain subject to actual collection.

| Due Date | Amount Due |
|---|---|
| August 31, 2020 | $75,000 |
| September 30, 2020 | $100,000 |
| October 31, 2020 | $50,000 |
| November 30, 2020 | $50,000 |
| December 31, 2020 | $50,000 |
| January 31, 2021 | $50,000 |
| February 28, 2021 | $50,000 |
| March 31, 2021 | $75,000 |
| April 30, 2021 | $75,000 |
| May 31, 2021 | $84,946** |
| **Total** | **$659,946** |

*\*\*Amount of final payment will be determined by Sonic and will in an amount that is necessary to bring Maker current under the Restaurants' Sonic license agreements, which amount may exceed $84,946.*

3. <u>Must Remain Current by Fully and Timely Paying Future Fees and Charges</u>.  Maker hereby acknowledges and agrees that this Note is no way relieves Maker of the need to remain current with Sonic Industries LLC and Sonic Franchising LLC by fully and timely paying future recurring monthly fees and charges that hereafter accrue and occur pursuant to Maker's Sonic license agreements for the Restaurants (the "License Agreements"), including paying fees and charges already due and payable to the extent that they are not included in this Note's principal.

4. <u>Maturity Date</u>. "Maturity Date" shall mean the earlier to occur of April 30, 2021, or acceleration of this Note upon the occurrence of an Event of Default (defined below) and the passage of the applicable notice and cure period, if any.

5. <u>Late Payment and Charges</u>. When any payment required by this Note becomes due and payable on a Saturday, Sunday, or legal holiday under the laws of the United States or of the State of Oklahoma, Maker shall make the payment on the next succeeding business day. If and when Maker does not pay in full any payment required by this Note on this Note's scheduled due date, then Holder shall have the right to assess a late charge in the amount of five percent (5%) of the unpaid amount of the scheduled payment or in any lesser amount as required by applicable law. Any assessment of late charges shall not excuse any failure by Maker to make full and prompt payment of accrued interest and unpaid principal and shall complement all other rights and remedies available to Holder because of Maker's failure to make full and prompt payment.

6. <u>Method of Payment</u>. Maker hereby agrees to pay this Note either by Automated Clearing House ("ACH") drafts initiated by Holder or by wired funds pursuant to Holder's wiring instructions. **Maker hereby agrees that failure to fully and timely pay Sonic by ACH drafts or by wired funds will constitute a material default of this Note.**

**HOLDER LOCKBOX WIRE INSTRUCTIONS**

| | |
|---|---|
| **BANK NAME:** | **BANCFIRST** |
| **BANK ADDRESS:** | **101 N. BROADWAY** |
| **CITY & STATE:** | **OKLAHOMA CITY, OKLAHOMA 73102** |
| **ABA/TRANSIT ROUTING NUMBER:** | **103003632** |
| **ACCOUNT NUMBER TO CREDIT:** | **4009575086** |
| **ACCOUNT NAME TO CREDIT:** | **SONIC CAPITAL LLC LOCKBOX** |

7. <u>No Novation</u>. This Note shall not constitute a novation. Maker hereby agrees that Sonic Industries LLC and Sonic Franchising LLC are duly authorized to act on behalf of or in addition to Holder in enforcing this Note and receiving payment of principal, interest, and any late charges thereunder. Therefore, Holder, Sonic Industries LLC, and Sonic Franchising LLC shall have the right, jointly or separately, to collect and enforce this Note, without any requirement to make an election of remedies, whether as a promissory note, as unpaid fees under the License Agreements, or simultaneously as both.

8. <u>Security Interest</u>. As security for payment and performance of Maker's obligations under this Note, Maker hereby assigns, pledges, and grants to Holder a continuing security interest in each of the License Agreements as well as all Sonic license agreements hereafter entered into by Maker or Maker's shareholders, members, officers, directors, or affiliates (collectively, the "Maker Related Parties"). Maker hereby agrees to promptly sign and deliver to Holder any and all security agreements, UCC forms, and other documents reasonably deemed necessary by Holder to grant all

security interests contemplated by this Note and to perfect such interests, some of which instruments will or must be filed of public record. Maker hereby agrees that the filing costs and fees incurred by and associated with creating and perfecting all security interests contemplated by this Note may be added by Holder to this Note's principal. Furthermore, Maker hereby agrees that Maker's failure or refusal to fully and timely grant or perfect any of the foregoing security interests in favor of Holder will constitute a material default under this Note as an event of default.

9. <u>Default; Cross Default</u>. Maker hereby agrees that the occurrence of any one or more of the following events shall constitute an event of default under this Note (herein referred to sometimes as a "Default" or "Event of Default"):

(a) The failure to pay in full when due any payment of accrued interest, unpaid principal, late charge, or any other indebtedness due and payable to under this Note to Holder;

(b) Any default occurs in the performance of any covenant, obligation, warranty or provision contained in this Note;

(c) A default or event of default under any of the License Agreements, including, without implied limitation, the failure of Maker to comply with any financial or material non-financial obligation under any of the License Agreements wherein Maker or any Maker Related Party is a licensee;

(d) Any oral or written admission by Maker of the general inability to pay debts as the debts become due; any filing by Maker of any petition for relief in bankruptcy or any petition to take advantage of any insolvency act; any assignment by Maker for the benefit of creditors; any proceeding by Maker for the appointment of a receiver, trustee, liquidator, or conservator of all or any substantial portion of Maker's property; or any filing by Maker of a petition or answer seeking reorganization, arrangement, or similar relief under the federal bankruptcy laws or any other applicable law or statute of the United States or any state; or

(e) The adjudication of Maker as bankrupt; the entry by any court of competent jurisdiction of any order, judgment, or decree appointing a receiver, trustee, liquidator, or conservator of Maker for all or any substantial portion of Maker's property; the approval by any court of competent jurisdiction of a petition filed against Maker seeking reorganization or similar relief under the federal bankruptcy laws or any applicable law or statute of the United States or of any state; the assumption by any court of competent jurisdiction acting under the provisions of any other law for the relief or aid of debtors of custody or control of all or any substantial portion of Maker's property; the commencement of any proceeding against Maker seeking reorganization or similar relief under the federal bankruptcy laws or any other applicable law or statute of the United States or of any state, if the proceeding or petition remains undismissed for a period of thirty (30) days; or the indication by Maker of

consent, approval or acquiescence with regard to any of the foregoing proceedings or petitions.

Maker hereby agrees that a Default or Event of Default under this Note shall constitute a default or event of default under all of the License Agreements. Maker hereby represents and warrants to Holder that Maker has the authority and right to provide and pledge the License Agreements and grant security interests therein as security collateral for this Note and to cross-default each of the License Agreements with one another as security collateral for this Note.

10. <u>Acceleration</u>. Upon the occurrence of an Event of Default, at the option of Holder, the entire indebtedness evidenced by this Note will become immediately due, payable, and collectible then or thereafter as Holder might elect, regardless of the Maturity Date. Failure by Holder to exercise such option will not constitute a waiver of the right to exercise the same on the occurrence of any subsequent Event of Default.

11. <u>Prepayment</u>. Maker will have the right at any time and from time to time to prepay the unpaid principal balance of this Note in whole or in part without premium or penalty, but with interest on the unpaid principal balance accrued to the date of prepayment.

12. <u>Holder's Records Evidence of Amount Owing</u>. The records of Holder shall be prima facie evidence of the amount owing on this Note. This Note may be assigned by Holder without Maker's consent.

13. <u>Waivers by Maker</u>. Maker hereby waives presentment for payment, protest, and notice of nonpayment. Maker hereby consents to any extension of time (whether one or more) of payment hereof, any renewal (whether one or more) hereof, and any release of any party liable for payment of this obligation. Any such extension, renewal, or release may be made without notice to Maker and without discharging Maker's liability hereunder.

14. <u>Waivers by Holder</u>. Maker hereby agrees that no action or inaction by Holder shall affect or impair in any manner or degree Maker's obligations and liabilities under this Note and shall not operate as a waiver by Holder or impair or restrict any of Holder's rights or remedies under this Note. Maker also hereby agrees that no course of dealing between Holder and Maker and no failure or delay by Holder in exercising any of Holder's rights or remedies shall operate as a waiver at any time of any of Holder's rights or remedies under this Note. Maker finally hereby agrees that no single or partial exercise of any rights or remedies contained in this Note shall operate as a waiver or preclude the exercise of any other rights or remedies provided in this Note or available to Holder.

15. <u>Collection Costs</u>. Maker shall fully and promptly pay to Holder, upon Holder's demand, all costs and expenses of collection and enforcement of this Note, including the reimbursement of Holder's reasonable attorneys' fees incurred in pursuing any and all of the foregoing, whether Holder files suit or not. Maker also shall pay all costs and expenses, including

reasonable attorneys' fees, of collection of any payment due under this Note if and when not paid in full on or before this Note's due date or when Holder refers any past due payment to any attorney for advice or other action for the purpose of attempting to collect the same according to the terms of this Note, whether Holder files suit or any attorney actually causes the payment, in whole or part, of any payment.

16. <u>Governing Law; Jurisdiction and Venue</u>.  This Note is issued by Maker and is accepted by Holder pursuant to a lending transaction negotiated and consummated in Oklahoma City, Oklahoma County, Oklahoma.  This Note is to be construed according to the laws of the State of Oklahoma applicable to contracts to be performed entirely within the State of Oklahoma by parties who are residents of the State of Oklahoma.  All actions with respect to this Note may be instituted in the courts of the State of Oklahoma or the United States District Court sitting in Oklahoma City, Oklahoma, as Holder may elect from time to time.  By the execution of this Note, Maker hereby irrevocably and unconditionally submits to the jurisdiction (both subject matter and personal) of each such court and hereby irrevocably and unconditionally waives (a) any objection that Maker might now or hereafter have to the venue in any such court and (b) any claim that any action or proceeding brought in any such court has been brought in an inconvenient forum.  **MAKER HEREBY WAIVES TRIAL BY JURY IN ANY ACTION IN ANY COURT WITH REGARD TO ANY CONTROVERSY ARISING OUT OF THIS NOTE OR OTHER INSTRUMENT EVIDENCING ANY SECURITY FOR THE PAYMENT OF THIS NOTE.  THE FOREGOING WAIVER SHALL INCLUDE (WITHOUT LIMITATION) LITIGATION INVOLVING THE VALIDITY, INTERPRETATION, ENFORCEMENT, AND COLLECTION OF THIS NOTE.**

17. <u>Cumulative Rights and Remedies</u>.  No right or remedy available to Holder shall exclude any other right or remedy of Holder contained in this Note.  Any and all rights and remedies of Holder shall complement every other right or remedy in this Note, now or later existing, in equity, by statute, or otherwise.

18. <u>Defenses</u>.  Maker hereby waives any right or power to interpose any set-off, counterclaim, or cross-claim with regard to this Note, regardless of the nature of any set-off, counterclaim, or cross-claim.

19. <u>Entire Agreement</u>.  This Note constitutes the entire agreement of the parties with regard to the subject matter of this Note and replaces and supersedes all other written and oral agreements and statements of the parties relating to the subject matter of this Note.

20. <u>Headings</u>.  The headings used in this Note appear strictly for the parties' convenience in identifying the provisions of this Note and shall not affect the construction or interpretation of the provisions of this Note.

21.     <u>Binding Effect</u>.  This Note binds and inures to the benefit of the parties and their respective successors, legal representatives, heirs, and permitted assigns.

22.     <u>Severability</u>.  If a court of competent jurisdiction holds any provision of this Note invalid or ineffective with respect to any person or circumstance, the holding shall not affect the remainder of this Note or the application of this Note to any other person or circumstance.  If a court of competent jurisdiction holds any provision of this Note too broad to allow enforcement of the provision to its full extent, the court shall have the power and authority to enforce the provision to the maximum extent permitted by law and may modify the scope of the provision accordingly pursuant to an order of the court.

23.     <u>Amendments</u>.  No amendment to this Note shall become effective or binding on the parties, unless agreed to in writing by all of the parties affected by such amendment.

24.     <u>Time</u>.  Time constitutes an essential part of each and every part of this Note.

25.     <u>Notice</u>.  Except as otherwise provided in this Note, when this Note makes provision for notice or concurrence of any kind, the sending party shall deliver or address the notice to the other party by facsimile, certified mail, or nationally-recognized overnight delivery service with confirmation of delivery to the following address:

| | |
|---|---|
| Maker (R. Ramsey and all Licensees): | 120 West Dayton Street, Suite D5<br>Edmonds, Washington 98020 |
| Maker (Snyder): | PacNorthwest Drive-Ins<br>16906 31st Drive SE<br>Bothell, Washington 98012 |
| Maker (Gregg): | 9912 Fox Bough Drive<br>Oakdale, California 95361 |
| Maker (Gewald): | 1521 Second Avenue, #703<br>Seattle, Washington 98101 |
| Maker (Whyte): | 18679 15th Loop<br>Poulsbo, Washington 98370 |
| Maker (Nelson): | 734 E. Matson Street<br>Poulsbo, Washington 98370 |
| Maker (D. Ramsey): | 5407 Claribel Road<br>Modesto, California 95357 |

    Maker (Russell):        8721 Rosario Place
                                        Bainbridge Island, Washington 98110

    Holder:                    300 Johnny Bench Drive
                                          Oklahoma City, Oklahoma 73104
                                          Attn: Legal Counsel

All notices pursuant to the provisions of this Agreement shall run from the date that the party delivers the notice to the other parties or three business days after the party places the notice in the United States mail.  Each party may change the party's address by giving written notice to the other parties.

26.    <u>Counterparts</u>.  This Note may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same instrument.

27.    <u>Telefacsimile and Electronic Mail</u>.  Delivery of an executed counterpart of this Note by telefacsimile or electronic mail will be equally effective as delivery of a manually-executed counterpart of this Note.  Any party delivering an executed counterpart of this Note by telefacsimile or electronic mail must also deliver a manually-executed counterpart of this Note, but the failure to deliver a manually-executed counterpart will not affect the validity, enforceability, or binding effect of this Note.

28.    **<u>CROSS-DEFAULT AND CROSS-COLLATERALIZATION</u>.  MAKER HEREBY AGREES THAT THIS NOTE AND THE LICENSE AGREEMENTS ARE HEREBY CROSS-DEFAULTED AND CROSS-COLLATERALIZED WITH ONE ANOTHER WHEREBY IF AND WHEN MAKER IS IN DEFAULT OF THIS NOTE OR THE LICENSE AGREEMENTS AT A TIME WHEN THIS NOTE HAS NOT BEEN PAID IN FULL, REGARDLESS OF WHETHER THIS NOTE HAS MATURED, THEN SUCH DEFAULT WILL ALSO CONSTITUTE A DEFAULT UNDER THIS NOTE AND THE LICENSE AGREEMENTS.  MAKER HEREBY WARRANTS AND REPRESENTS TO HOLDER THAT MAKER HAS THE AUTHORITY AND RIGHT TO CROSS-DEFAULT AND CROSS-COLLATERALIZE THIS NOTE AND THE LICENSE AGREEMENTS.**

29.    **<u>JOINT AND SEVERAL LIABILITY</u>.  EACH PARTY COMPOSING MAKER HEREBY IRREVOCABLY AGREES THAT HE, SHE, OR IT IS AND WILL REMAIN JOINTLY AND SEVERALLY LIABLE FOR FULLY AND TIMELY PAYING TO HOLDER ALL INDEBTEDNESS AND PERFORMING ALL DUTIES CREATED BY THIS NOTE.  EACH PARTY COMPOSING MAKER HEREBY IRREVOCABLY AGREES THAT HIS, HER, OR ITS PORTION OF THE COLLATERAL WILL CONTINUE TO**

**SERVE AS COLLATERAL SECURING ALL INDEBTEDNESS CREATED BY THIS NOTE UNTIL ALL SUCH INDEBTEDNESS HAS BEEN PAID TO HOLDER.**

30. **DESIGNATION OF THIS NOTE'S PRINCIPAL.** EACH PARTY COMPOSING MAKER HEREBY IRREVOCABLY APPOINTS RICHARD RAMSEY AS HIS, HER, OR ITS DESIGNATED PERSON TO SERVE AS PRINCIPAL (AS DEFINED OR USED IN THE LICENSE AGREEMENTS) TO RECEIVE COMMUNICATION, CORRESPONDENCE, E-MAILS, NOTICES, DEMANDS, SERVICE OF PROCESS, AND OTHER FORMS OF CONTACT FROM HOLDER WITH REGARD TO THIS NOTE AND ANY AND ALL MATTERS CONCERNING THIS NOTE AND THE COLLATERAL.

31. **DULY AUTHORIZED TO SIGN AND BIND.** EACH PERSON SIGNING BELOW HEREBY WARRANTS AND REPRESENTS TO HOLDER THAT HE OR SHE IS DULY AUTHORIZED AND EMPOWERED TO SIGN THIS NOTE THAT WILL BE INCURRING DEBT AND WILL BE PLEDGING ASSETS AS COLLATERAL AND THAT HIS OR HER SIGNATURE WILL BE FULLY BINDING UPON THE PARTY FOR WHOM HE OR SHE SIGNS. EACH SUCH PERSON SIGNING ON BEHALF OF AN ENTITY HEREBY FURTHER WARRANTS AND REPRESENTS THAT THE ENTITY HAS ISSUED APPROPRIATE AUTHORIZATION TO SUCH PERSON TO SIGN THIS NOTE, SUCH AS DULY ADOPTED RESOLUTIONS OR OTHER SIMILAR ACTIONS.

32. **MAKER'S RELEASE OF SONIC AND COVENANT NOT TO SUE.** EXCEPT FOR CLAIMS ARISING UNDER THIS AGREEMENT, MAKER, FOR MAKER AND FOR MAKER'S AFFILIATES, SUBSIDIARIES, AND GUARANTORS, IF ANY, INCLUDING PERSONS CONTROLLING, CONTROLLED BY, OR UNDER COMMON CONTROL WITH MAKER (AS THESE PROPER TERMS ARE DEFINED IN THE LICENSE AGREEMENTS), HEREBY FOREVER RELEASES AND DISCHARGES SONIC AND SONIC LLC (FORMERLY KNOWN AS SONIC CORP.) AND SONIC LLC'S PARENT COMPANIES (SONIC HOLDING COMPANY AND IRB HOLDING CORP.) AS WELL AS SONIC LLC'S OTHER SUBSIDIARIES AND AFFILIATES AND THEIR ADMINISTERED FUNDS, INCLUDING THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, STOCKHOLDERS, PARTNERS, MEMBERS, AGENTS, AND ATTORNEYS (COLLECTIVELY, THE "RELEASED SONIC PARTIES") FROM ANY AND ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION, KNOWN AND UNKNOWN, WHETHER EXISTING AT LAW, IN EQUITY, OR BY CONTRACT, STATUTE, OR REGULATION, THAT HAVE OCCURRED OR ACCRUED IN FAVOR OF MAKER AGAINST ANY OF THE RELEASED SONIC PARTIES ON OR BEFORE THE DATE OF THIS AGREEMENT, INCLUDING ANY THAT AROSE OUT OF OR WERE RELATED TO THE RESTAURANTS, THE LICENSE AGREEMENTS, OR ANY OTHER AGREEMENT OR DEALINGS BY AND BETWEEN MAKER AND ANY OF THE RELEASED SONIC PARTIES. MAKER HEREBY AGREES NOT TO SUE OR FILE ANY LEGAL ACTION OR PROCEEDING AGAINST ANY OF THE RELEASED SONIC

PARTIES FOR ANY CLAIMS, DEMANDS, OR CAUSES OF ACTION RELEASED BY THIS SECTION.

EXCEPT FOR CLAIMS ARISING UNDER THIS AGREEMENT, MAKER HEREBY AGREES THAT NO PAST, PRESENT OR FUTURE DIRECTOR, OFFICER, EMPLOYEE, INCORPORATOR, MEMBER, PARTNER, STOCKHOLDER, SUBSIDIARY, AFFILIATE, CONTROLLING PARTY, ENTITY UNDER COMMON CONTROL, OWNERSHIP, OR MANAGEMENT, VENDOR, SERVICE PROVIDER, AGENT, ATTORNEY, OR REPRESENTATIVE OF SONIC LLC'S PARENT COMPANIES (SONIC HOLDING COMPANY AND IRB HOLDING CORP.) OR THE PARENT COMPANIES' NON-SONIC SUBSIDIARIES AND AFFILIATES WILL HAVE ANY LIABILITY FOR: (A) ANY OBLIGATIONS OR LIABILITIES OF ANY OF THE RELEASED SONIC PARTIES RELATING TO OR ARISING FROM THIS NOTE, THE RESTAURANTS, THE LICENSE AGREEMENTS, OR ANY OTHER AGREEMENT OR DEALINGS BY AND BETWEEN MAKER AND ANY OF THE RELEASED SONIC PARTIES, (B) ANY CLAIM AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON, IN RESPECT OF, OR BY REASON OF THE RELATIONSHIP WITH MAKER, OR (C) CLAIMS AGAINST ANY OF THE RELEASED SONIC PARTIES BASED UPON ANY ALLEGED UNLAWFUL ACT OR OMISSION OF ANY OF THE RELEASED SONIC PARTIES.

EXECUTED AND DELIVERED as of the day and year first set forth above.

Maker: **OLYMPIC CASCADE DRIVE INS LLC**

By: *Richard Ramsey*
Managing Member

Maker: **PACNW GAGE DRIVE-IN, LLC**

By: _____
Managing Member

Maker: **PACNW PSC DRIVE-IN, LLC**

By: _____
Managing Member

Maker: **PACNW WEN DRIVE-IN, LLC**

By: _____
Managing Member

SECURED PROMISSORY NOTE
Olympic Cascade Drive-Ins LLC et al.
SDI#s 5854, 5924, 5932, 5989, 5990, 6456, 6652, 6699, 5878, and 6119
10

Maker:                  **PACNW 1ST DRIVE-IN, LLC**

By: _____
    Managing Member

Maker:                  **PACNW FERNDALE DRIVE-IN, LLC**

By: _____
    Managing Member

Maker:                  **PACNORTHWEST DRIVE-INS, LLC**

By: _____
    Managing Member

Maker:                  *Richard Ramsey*
                         **RICHARD RAMSEY**

Maker:                  _____
**STEPHEN S. SNYDER**

Maker:                  _____
**PATRICIA GREGG**

Maker:                  _____
**ANTHONY J.W. GEWALD**

Maker:                  _____
**ANDREW WHYTE**

Maker:                  _____
**PAMELA NELSON**

Maker:                  _____
**DAVID RAMSEY**

Maker:                  _____
**NATHAN RUSSELL**